[S. F. No. 1070.   Department One.—May 17, 1899.]

JULIA   SCOTT   O'BRIEN,   Respondent,   v.   MICHAEL
O'BRIEN, Appellant.

BILL OF EXCEPTIONS—DEFECTIVE NOTICE OF SETTLEMENT—WAIVER.—Objection to a defective notice of settlement of a bill of exceptions, which failed to specify that the proposed amendments would be presented to the judge with the bill, is waived, if the bill and amendments were in fact presented to the judge in the presence of both parties at the time specified, and the hearing was postponed from time to time by consent, and without objection urged prior to the final hearing.

AMENDMENT OF JUDGMENT—CLERICAL MISPRISION—JUDICIAL ERRORS.—Clerical misprisions in a judgment may be corrected at any time by an order of the court, so as to make it conform to the actual decision of the court; but judicial errors in rendering the judgment cannot be corrected by amendment of the judgment. An omission in the findings may be corrected prior to the entry of judgment by additional findings; but after the entry of judgment, a judicial error can only be remedied by motion for new trial or on appeal.

ID.—JUDGMENT IN DIVORCE SUIT—FAILURE TO AWARD ALIMONY—LOSS OF JURISDICTION TO AMEND.—Where the question of alimony was in issue in a divorce suit, and no finding was made thereupon, and no alimony was awarded in the order of judgment, or in the entry thereof, the error is judicial, and after the entry of judgment the court loses jurisdiction to amend it so as to reserve the question of alimony or to award alimony upon motion.

ID.—APPEARANCE UPON MOTION.—The court having lost jurisdiction of the subject matter, as well as of the parties, the appearance of the defendant in the subsequent matter of a motion for permanent alimony did not have the effect to reopen the judgment, or authorize its amendment by motion.

ID.—PRIOR RESERVATION OF QUESTION OF ALIMONY—SUBSEQUENT FINDINGS AND DECREE WITHOUT RESERVATION—SIGNATURE OF JUDGE.—The fact that at the time of originally announcing decision in the divorce case the question of alimony was reserved cannot authorize an amendment of the final judgment, where it appears that the original decision was wholly insufficient to support a judgment, and the court, at a subsequent date, rendered another decision and made its findings of fact and order for judgment, without passing upon the issue of alimony, or awarding alimony in the findings or in the decree ordered or entered. The signature of the judge appended both to the later findings and to the decree, though not essential thereto, would indicate them to be the last expression of his intention, and it cannot be presumed that the judgment was entered pursuant to the prior decision.

ID.—PENDENCY OF ACTION.—The pendency of the action by virtue of section 1049 of the Code of Civil Procedure, until the time for appeal has passed, does not have the effect to authorize the superior court to amend or alter its judgment after it has been finally entered in that court.

APPEAL from an order of the Superior Court of the City and County of San Francisco amending a judgment *nunc pro tunc.* D. J. Murphy, Judge rendering judgment. A. A. Sanderson, Judge awarding alimony. Edward A. Belcher, Judge ordering amendment of judgment.

The facts are stated in the opinion.

Beatty & Beatty, and W. W. Sanderson, for Appellant.

Henley & Costello, and R. R. Bigelow, for Respondent.

CHIPMAN, C.—Proceedings to amend a decree of divorce by motion. The trial of the action was concluded on July 8, 1895, and on that day the then trial judge, Hon. D. J. Murphy, signed, and there was filed by the clerk a paper entitled "memorandum of decision." It is a brief statement of three paragraphs, prefaced as follows: "In this case, after fully considering the evidence, I am led to the following conclusions, and find the facts to be." Paragraph I is a statement that the evidence is not sufficient to support the claim that the parties intermar-

ried in 1890, or were husband and wife prior to July 21, 1893; paragraph II is a finding that the marriage was solemnized on July 21, 1893; paragraph III, "that said defendant has been guilty of such acts of cruelty toward plaintiff as entitled her to a divorce on the ground of extreme cruelty, and the court so orders. The question of alimony and counsel fees is reserved for further consideration." Findings were not waived. On the same day a minute order was entered as follows: "This case having been heretofore submitted to the court for consideration and decision and taken under advisement, and now the court being fully informed and having fully considered the same, it is hereby ordered that the marriage heretofore and existing between the defendant and plaintiff be and the same is hereby dissolved, and a decree of divorce granted to the plaintiff on the ground of the extreme cruelty of the defendant toward the plaintiff. It is further ordered that the question of counsel fees and alimony be reserved for further consideration and decision. See memorandum of decision on file herein."

Nothing further appears, until July 25, 1895, when the record shows full findings and decision, in the opening paragraph of which it is stated as follows: "And the court having heard and duly considered the evidence, and having examined the pleadings, and having given full and mature consideration of the law and facts, now renders and makes this its decision in the case, and finds the following facts." Then follows a statement of the facts of the marriage; residence of the parties; an outline of the married life of the parties and the specific acts of cruelty proven, from which facts the court finds its conclusions of law, that the plaintiff is entitled to a decree dissolving the bonds of matrimony, "and it is hereby ordered that judgment be entered accordingly. Dated July 25, A. D. 1895. D. J. Murphy, Judge. Indorsed, filed in open court July 25, 1895. C. F. Curry, clerk, by C. C. Morris, deputy clerk." The decree follows of the same date and is signed by the judge, and was entered in the judgment-book on that day. On July 29, 1895, the attorneys for plaintiff served notice on defendant's counsel of the rendition and entering of the decision of July 25th in favor of plaintiff. This notice was filed on July 30th. No mention was made of counsel fees or alimony in the find-

ings or decree of July 25th.  On October 1, 1895, counsel for plaintiff served notice on defendant's counsel that a motion would be made on October 4, 1895, for an order awarding plaintiff counsel fees and alimony, to be heard on all the papers and records in the case and upon testimony to be offered.  The motion was heard by Judge A. A. Sanderson, and on October 29, 1895, he signed an order granting alimony and counsel fees. Subsequently, defendant, by his counsel, moved the court to modify its order and reduce the amount of alimony, which was refused by an order entered December 14, 1895.  Nothing further appears until on February 18, 1897, when the court made an order amending the decree of July 25, 1895, *nunc pro tunc,* by inserting at the end thereof the following: "It is ordered that the question of alimony and counsel fees be reserved for further consideration," on the ground that the omission of this reservation "was the result of clerical misprision and error, and that the amendment thereof would be in furtherance of justice."  The appeal is from this order.

1. Plaintiff objected to the settlement of the bill of exceptions, and renews the objection here, on the ground that defendant in his notice omitted to state that he would present to the court the amendments offered by plaintiff thereto, as well as the proposed bill of exceptions prepared by defendant. (Citing Code Civ. Proc., sec. 650.) . At the time noticed counsel for both parties were present, and defendant presented the bill and the proposed amendments to the court, and asked that the bill be settled and allowed.  By consent, the hearing was postponed several times, and was finally proceeded with April 30, 1897, and then for the first time the objection now urged was made.

The court had jurisdiction of the bill and the amendments, and the order of continuance necessarily included both; by appearing and consenting without objection to these several continuances plaintiff waived any right she may have had to challenge the sufficiency of the notice through which she appeared. (*Hicks v. Masten,* 101 Cal. 651.)

2. The principal question is whether the court had the power to amend the judgment.  It was said in *Egan v. Egan,* 90 Cal. 21: "Courts have the power at all times to allow amendments

to judgments for the purpose of having the judgment as entered express that which was rendered, so that the record will contain the actual decision of the court. Where the clerk fails to enter judgment as it is pronounced, the court has always the power to correct the matter and order the proper entry to be made. Clerical misprisions can be corrected at any time by an order of the court, but judicial errors can be remedied only through a motion for a new trial, or on appeal." (See, also, *First Nat. Bank of Fresno v. Dusy*, 110 Cal. 69; *Byrne v. Hoag*, 116 Cal. 1.) We think from the evidence upon which the order here in question was made it clearly appears that the decree entered July 25th, as signed by the judge, was his last direction to the clerk and was the decision in the case, and there was no mistake or misprision of the clerk; if error was committed in rendering the judgment, it was a judicial error which could be remedied only by appeal or motion for a new trial. (*First Nat. Bank. v. Dusy, supra.*) Looking to the findings of facts and conclusions of law we find them full and complete as a foundation for the decree; they are signed by the judge, as is also the decree. The complaint set forth the financial situation of defendant, and asked "that defendant be compelled by an order of this court to make permanent provision for the support of this plaintiff, and to pay to this plaintiff alimony and counsel fees as may be meet and just in the premises"; the question of alimony was, therefore, an issue in the case. The court made no finding of fact upon this issue and the decree is silent upon the subject. This was error, as every material issue must be met by the findings. Plaintiff could have had the omission corrected before the judgment was entered by additional findings (*Condee v. Barlon*, 62 Cal. 1; *Hayes v. Wetherbee*, 60 Cal. 396); or there remained the remedy of appeal or motion for new trial after the entry of judgment. (*Egan v. Egan, supra.*)

The contention of respondent is: That the "memorandum of decision" is "legally and technically sufficient to constitute findings, and does constitute findings"; that the findings of July 25th do not purport to supersede the first set, and there is no conflict between them, and they should be construed together to support the judgment (citing *Smith v. Taylor*, 82 Cal. 533, 544); that, construing the two together, it clearly appears that

the intention of the judge was to reserve the question of alimony and counsel fees for further consideration, and hence the omission to insert in the decree any provision as to alimony and counsel fees was the mistake of the clerk—a clerical misprision which the court could correct at any time on motion. Respondent makes the point that if the court lost jurisdiction it was restored by the consent of defendant in appearing and contesting plaintiff's motion for permanent alimony. (Citing Thompson on Corporations, 7558; Works on Jurisdiction, 225; *Rued v. Cooper*, 109 Cal. 682, 689; *Brown v. Crow*, Hardin, 443.) And, finally, respondent contends that, having regained jurisdiction by consent, the order of the court amending the judgment *nunc pro tunc*, if erroneous, was not prejudicial to defendant, and therefore will not be reversed. It cannot be said that this order was without possible injury to defendant, for if the judgment should stand as amended it would carry with it the power to make still further orders as to alimony. But we do not think the court regained jurisdiction. When the court entered its final decree of July 25th it had no further jurisdiction over the parties or the subject matter. (*Howell v. Howell*, 104 Cal. 45; 43 Am. St. Rep. 70.) The appearance of defendant in the subsequent matter of the motion for permanent alimony did not have the effect to reopen the judgment or authorize its amendment by motion.

In *Kamp v. Kamp*, 59 N. Y. 212, where an application was made for alimony after a final judgment which made no provision as to alimony, and the defendant appeared and contested the application, it was said: "The jurisdiction of the court over the subject matter of the action and over the parties terminated with the entry of final judgment, except to enforce the judgment and carry out its provisions. The court then lost jurisdiction over the person of the defendant for every purpose."

The authorities cited by respondent do not sustain her contention. The case of *Rued v. Cooper, supra*, for example, decides nothing more on the point than that consent may give jurisdiction over the person. The court said: "If the court can be said to have lost jurisdiction at all, it could only be as to the assignee; but as to him it may be restored by consent, the court not having lost jurisdiction of the subject matter."

The findings of fact of July 25th were signed by the judge, and that there could be no mistake as to his intention as to what the decree should contain, he signed that also. Why he omitted all mention of alimony and said nothing in the course of the findings or decree indicating his intention as first expressed in the "memorandum of decision" and "minute order" is left wholly to conjecture.

In such a situation it seems to us that the last expression of the intention of the judge—it being an expression fully supported by the findings—should be held to be conclusive. It would be subversive of that sanctity and stability everywhere given to final judgments to hold otherwise. We cannot presume, as counsel for plaintiff claims we should, that the judgment was entered pursuant to the findings of July 8th, and that, therefore, it was the omission of the clerk not to include in the decree the reservation as to alimony. To do this would be to subordinate the final and deliberate act of the court to a presumption. Nor was the action pending by virtue of section 1049 of the Code of Civil Procedure, until the time for appeal had passed, in the sense claimed, to wit, that until after the time for appeal had elapsed the court could set aside, amend, or annul the decree. If it were true, as plaintiff contends, that the findings of July 25th do not sustain the judgment, and that the memorandum of July 8th is sufficient for that purpose, we could see force in the contention that the decree should be made to rest upon the so-called first findings. But we do not think the memorandum, treated as findings, sufficient to support the judgment. It fails to show the jurisdictional facts of residence; it sets forth no ultimate facts from which the legal conclusion of cruelty may be drawn; there is no separate statement of facts and conclusions of law, and neither the "memorandum" nor the "minute order" directs judgment to be entered. Looking at these entries of July 8th, it seems to be the more rational view that the judge regarded them as wholly insufficient, and hence the final and formal findings of facts, conclusions of law, and decree. We are unable by any reasonable interpretation of this final action of the court to conclude otherwise than that it decided to ignore the question of alimony altogether, which, while it was error, was

judicial in its character. Nor can we wholly disregard the fact that the judge signed all these papers. It is true his signature did not make the act any more or less binding; but upon the question of his intention the fact has some significance. It is said in *Byrne v. Hoag, supra:* "The decree, as entered in 1893, was signed by the judge, and, under any view, it was his last direction to the clerk, and was the decision in the case. It has been held that it is not necessary for the judge to sign a judgment, . . . . but, where the judge does sign the decree, his signature, as was said in *Estate of Cook,* 77 Cal. 227, 11 Am. St. Rep. 267, is intended 'to give the clerk a surer means of correctly entering what has been adjudged.' "

It results from the foregoing that the order should be reversed, and it is so advised.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is reversed. Van Dyke, J., Harrison, J., Garoutte, J.