[No. 13352.    Department One. — June 30, 1891.]

## MICHAEL EGAN, APPELLANT, *v.* CATHERINE EGAN, RESPONDENT.

DIVORCE — STIPULATION AS TO PROPERTY RIGHTS — ERROR OF LAW OCCURRING AT TRIAL — AMENDMENT OF JUDGMENT. — Where a stipulation was entered into between the parties to an action of divorce, pending a decision of the case, fixing the property rights of the parties, and the trial judge was requested, before the judgment, to incorporate it therein, his refusal so to do, if error at all, is error of law committed at the trial, which should have been taken advantage of upon a motion for a new trial or upon an appeal; and the subsequent amendment of the judgment by the court so as to include the stipulation, upon a motion to amend the judgment, is error.

NEW TRIAL — RENEWAL OF MOTION — RES ADJUDICATA. — The doctrine of *res adjudicata* is applicable to the decision of a motion for a new trial, and after the motion has been denied the moving party is not at liberty to make a second motion therefor.

Id. — Motion to Amend Judgment — Ground of New Trial. — A party
to an action cannot, under the form of a motion to amend the judgment,
obtain relief, which, if proper to be granted under any circumstances,
should have been sought through a motion for a new trial.

Amendment of Judgment — Clerical Misprisions — Judicial Errors. —
Clerical misprisions in a judgment can be corrected at any time by an
order of the court, but judicial errors can be remedied only through a
motion for a new trial, or on appeal.

Appeal from an order of the Superior Court of the
city and county of San Francisco amending a judgment.

The facts are stated in the opinion of the court.

*W. H. Barrows*, and *J. F. Wendell*, for Appellant.

The court had no jurisdiction to amend its decree at
the time the order appealed from was made. (Code Civ.
Proc., sec. 473; *Estate of Hudson*, 63 Cal. 454; *Everett* v.
*Everett*, 52 Cal. 383.) The court has authority to modify
its decrees and orders from time to time in divorce cases,
but not in cases like the present, where the wife is the
guilty party and there is no common property. (Civ.
Code, secs. 137, 139; *Everett* v. *Everett*, 52 Cal. 383.)

*M. L. G. O'Brien*, for Respondent.

The trial court may at any time render or amend a
judgment or order *nunc pro tunc*, where the record dis-
closes that the entry does not correctly give what was
the judgment or order of the court, or what was in-
tended. (Civ. Code, sec. 137; *Morrison* v. *Dapman*, 3
Cal. 255.) The order denying the application for a new
trial was the final disposition of the case. And the
application to amend or add to the decree was made in
less than three months thereafter. ( *Willson* v. *Cleave-
land*, 30 Cal. 198.) The motion to amend the decree ac-
cording to the stipulation was a direct proceeding, and
the court had "power to amend and control its orders so
as to make them conformable to justice." (Code Civ.
Proc., sec. 128, subd. 8.) The power of the trial court to

vacate its judgment is inherent, and is not limited by section 473 of the Code of Civil Procedure. (*People* v. *Green,* 74 Cal. 405; 5 Am. St. Rep. 448; *Buell* v. *Emerich,* 85 Cal. 116; *Savings and Loan Soc.* v. *Thomas,* 67 Cal. 52; *Dinsmore* v. *Adams,* 48 How. Pr. 274.)

HARRISON, J. — A decree of divorce was rendered in this action February 6, 1888, in favor of the plaintiff, upon the ground of cruelty on the part of the defendant, and was entered of record February 8, 1888. It was alleged in the complaint that there was no community property, and that certain real estate described therein was the separate property of the plaintiff. In the decree it is recited " that all of the material allegations of the complaint are true, and all of the allegations of defendant's answer and cross-complaint are untrue, except those particulars wherein they corroborate the allegations of the complaint"; and after decreeing a dissolution of the marriage, the court set apart and awarded to the plaintiff the said real estate " absolutely free and clear of all rights therein on the part of the defendant." February 16, 1888, the defendant served and filed her notice of intention to move for a new trial, and her statement on said motion was settled and filed June 27th. August 24, 1888, the court made and entered an order denying a new trial. Thereafter, on the 21st of November, 1888, defendant gave notice to the plaintiff of her intention to move the court for an order amending the judgment, " so as to insert therein a provision awarding to the defendant the sum of one thousand dollars, and requiring the plaintiff to pay the same as by him stipulated and agreed by written instrument dated February 6, 1888," and stated in her notice that said motion would be made " on the grounds that said judgment was taken, made, and entered against her through her mistake, inadvertence, surprise, and excusable neglect," and upon the further ground " that the same was not made·

XC. CAL.—2

a part of said decision, judgment, and decree, through the mistake, inadvertence, surprise, and excusable neglect of defendant and her attorneys."

Affidavits and oral testimony were presented to the court in support of the motion and in opposition thereto; and after hearing the same the court, on the 29th of March, 1889, made the following order:—

"On motion of M. L. G. O'Brien, attorney for defendant herein, notice thereof having been duly served on plaintiff's counsel, and after hearing thereon, it is hereby ordered that the decree heretofore made and entered herein be and the same is hereby modified as follows, to wit:—

"The following clause is hereby added to said decree: Plaintiff is further ordered to pay to defendant the sum of one thousand dollars, as by him stipulated herein, said stipulation having been signed previous to the entering of judgment in said cause.

"March 29, 1889.        WALTER H. LEVY, Judge."

From this order the plaintiff has appealed.

It appears from the bill of exceptions that after the trial of the cause, and its submission to the court for decision, the parties by their attorneys entered into the following stipulation:—

"It is hereby stipulated and agreed that the plaintiff in the above-entitled action will pay to the defendant therein the sum of one thousand ($1,000) dollars in full satisfaction of all right and claim of every kind whatever that said defendant has or claims to have in that certain real property described in plaintiff's complaint herein, and also in full satisfaction and release of all claims against said plaintiff for support or otherwise; said sum of one thousand dollars shall be paid to the defendant as soon as said defendant shall execute proper conveyance of her interest in, abandon homestead upon, and move out of said property. This agreement shall

not be in any way affected by the decision in said action, but may be enforced by the court in the event of a divorce being granted to either party.

"W. H. BARROWS, Attorney for Plaintiff.
"GUSTAVE TOUCHARD, JR., Attorney for Defendant."

After the stipulation had been signed by the attorneys for the respective parties, and before the decision of the cause, it was presented by them to the judge at his chambers, with the request that he would incorporate its provisions into the decree. The judge, however, declined to do so, upon the ground that, as he had no power or jurisdiction to award the defendant any of the plaintiff's separate property, he could not give any effect to the stipulation in the judgment that he might render. Thereupon, at the request of the defendant's attorney, the plaintiff's attorney caused the plaintiff himself to sign the stipulation, in the following form:—

"I hereby consent to the above agreement, and ratify the same.

"February 6, 1888.          MICHAEL EGAN."

After having been thus ratified by the plaintiff, the stipulation was delivered to the defendant's attorney, but was never filed in the action.

It also appears that the stipulation was fully explained to the defendant before its execution, and that it was made upon the understanding that it was a settlement of all property rights between the parties, and that whatever might be the decision of the court in the cause, no appeal or motion for a new trial should be made. After the decision in the cause had been rendered, the defendant repudiated the stipulation, and having employed another attorney, made her motion for a new trial, which was denied, as above stated, and thereafter she made the foregoing motion for an amendment to the judgment.

Section 473 of the Code of Civil Procedure provides that the court may, " upon such terms as may be just,

relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided that application therefor be made within a reasonable time, *but in no case exceeding six months after such judgment, order, or proceeding was taken.*" Inasmuch as the motion in the present case was made more than six months after the judgment was entered, the court had no jurisdiction under this section of the code to order the judgment to be amended.   The appellant, however, contends that inasmuch as every court has an inherent power to correct its records at any time so as to enable them to speak the truth, the court was authorized to grant the motion.

In the present case, however, it cannot be claimed that the judgment was taken against the defendant through any mistake, inadvertence, surprise, or excusable neglect.   Before it was rendered her attorney had presented the stipulation to the judge, with the request that he give effect to it in the judgment, and upon being informed by the judge that he could not do so, caused it to be signed by the plaintiff in person, presumably for the purpose of having a personal obligation against him for the amount which had been agreed upon as the sum to be paid by him in settlement of all property differences between him and the defendant.   Moreover, the defendant, after the entry of the judgment, made a motion for a new trial in the action.   Upon this motion she had an opportunity to present to the court any surprise or excusable neglect on her part as a ground for granting her a new trial; and if the court had been satisfied that such was the fact, her motion would have been granted.   So, too, if the court had rendered its decision without sufficiently providing for her support, or if in making its decision it had failed to give to the stipulation such weight as in her opinion it should have received, she could have presented these facts as other reasons why a new trial

should have been granted.   In making her motion it was incumbent upon her to present to the court all the grounds upon which she had a right to have it granted.   After a motion for a new trial in a cause has been denied by the court, a party is not at liberty to make a second motion therefor, either upon any grounds on which the court has once denied it, or upon any grounds which might have been presented in the first instance.   The doctrine of *res adjudicata* applies to a decision of a motion for a new trial as fully as to the judgment in the cause.   Neither can a party under the form of a motion to amend the judgment obtain relief which, if proper to be granted under any circumstances, should have been sought through a motion for a new trial.

Courts have the power at all times to allow amendments to judgments for the purpose of having the judgment as entered express that which was rendered, so that the record will contain the actual decision of the court; and such amendments can be made after the expiration of six months from the entry of the judgment. Where the clerk fails to enter judgment as it was pronounced, the court has always the power to correct the matter and order the proper entry to be made.   Clerical misprisions can be corrected at any time by an order of the court, but judicial errors can be remedied only through a motion for a new trial, or on appeal.   (Freeman on Judgments, sec. 70; *Forquer* v. *Forquer*, 19 Ill. 68; *Ætna Ins. Co.* v. *McCormick*, 20 Wis. 265; *Thompson* v. *Thompson*, 73 Wis. 84; *McLean* v. *Stewart*, 14 Hun, 472.)

It clearly appears in the present case that the matter contained in the amendment made by the order appealed from was not omitted from the judgment by reason of any neglect of the clerk in recording the same, but was intentionally excluded therefrom by the court itself at the time it rendered the judgment.   If it should be admitted that the court ought to have included the provisions of this stipulation in its decree, its failure to do

so was an error resulting either from a misconception of the law applicable to the facts before it, or from a failure to give sufficient consideration to those facts. In either case it was an error of law committed at the trial, which the defendant should have sought to remedy through her motion for a new trial.

The order appealed from is reversed.

GAROUTTE, J., and BEATTY, C. J., concurred.