[No. 15330.   Department Two.—June 5, 1894.]

# DYERVILLE MANUFACTURING COMPANY, APPELLANT, *v.* MARTIN HELLER ET AL., RESPONDENTS.

MODIFICATION OF JUDGMENT—LIMITATION OF TIME—FRAUD UPON COURT. An application for the modification of a judgment, under section 473 of the Code of Civil Procedure, must be made within six months after the entry of judgment, and the fact that the judgment is claimed to have been procured by fraud practiced by the plaintiff's attorney upon the court does not take the case out of that section.

ID.—JUDGMENT RENDERED IN EXCESS OF STIPULATION—REMEDY FOR ERROR OF LAW—CLERICAL MISPRISION—JURISDICTION TO AMEND RECORD.—A judgment entered as rendered, but rendered in excess of a stipulation therefor, is erroneous, and the error is one of law committed at the trial, the remedy for which is either by motion for a new trial, or by appeal, and is not a clerical misprision, which may be corrected by the record, and the court has no power to correct it after the expiration of six months from the date of its entry.

APPEAL from an order of the Superior Court of the City and County of San Francisco modifying a judgment.

The facts are stated in the opinion of the court.

*Edmund Tauszky*, for Appellant.

The motion came too late, and the court was without jurisdiction to entertain or grant it. (*Moore* v. *Superior Court*, 86 Cal. 495; *People* v. *Goodhue*, 80 Cal. 199; *Wharton* v. *Harlan*, 68 Cal. 422; *Egan* v. *Egan*, 90 Cal. 15; Code Civ. Proc., sec. 473.) If the decree was in excess of the stipulation the court committed an error of law, which could be corrected only by motion for a new trial or by appeal. (*Egan* v. *Egan*, 90 Cal. 15; *Blondeau* v. *Snyder*, 95 Cal. 521; *Jacks* v. *Baldez*, 97 Cal. 91; *Holmes* v. *Rogers*, 13 Cal. 191.) The claim that this is a case of fraud upon the court, and that consequently section 473 of the Code of Civil Procedure has no application, is without merit, for even if it be conceded that it is a case of fraud, still that section is applicable, even

though the opposite party has practiced fraud. ( *Wharton* v. *Harlan,* 68 Cal. 422.)

*Rothchild & Ash,* for Respondents.

The court had power to amend its decree in this case notwithstanding section 473 of the Code of Civil Procedure, and the six months' limitation does not apply as the record furnishes the *data.* (*Beatty* v. *Dixon,* 56 Cal. 624; *Howard* v. *Throckmorton,* 59 Cal. 79; *Bostwick* v. *McEvoy,* 62 Cal. 502; Black on Judgments, secs. 141, 161.)

FITZGERALD, J.—Appeal from an order modifying the judgment given for plaintiff in the above-entitled cause.

The action was for an injunction to restrain the defendants from infringing its trademark and for damages.

The judgment, which was entered upon a stipulation between the parties, was filed August 7, 1891, and entered April 26, 1892. The proceedings for the modification thereof were instituted December 9, 1892, and the order granting the motion for that purpose was thereafter made, on the ground that "the decree awarded relief in excess of the stipulation and the prayer of the complaint, and had been inadvertently entered."

The question to be determined on this appeal involves the *power* of the court to make the order.

Section 473 of the Code of Civil Procedure provides, among other things, that the court may, " upon such terms as may be just, relieve a party, or his legal representative, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, provided, that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken."

The grounds upon which the application was made were excusable neglect and fraud practiced upon the

court by plaintiff's former counsel by procuring the judgment to be given in excess of the stipulation.

The grounds upon which the modification was made by the court were that the judgment exceeded the stipulation, and that it had been "inadvertently entered."

Under the provisions of the foregoing section it is clear that the court had no jurisdiction to make the order appealed from, as the proceedings upon which it is based were not commenced until nearly eight months after the judgment was entered.

But it is claimed that, as there was matter of record by which the amendment could be made, the court had power to make it, notwithstanding the rule as to time laid down in the section of the code referred to. This claim, in so far as it applies to clerical misprisions, is undoubtedly correct. But where the judgment is entered as rendered, but rendered in excess of the stipulation, as is claimed to be the case here, such judgment is erroneous, and the error one of law committed at the trial, the remedy for which is either by motion for a new trial or by appeal. (*Egan* v. *Egan*, 90 Cal. 15.)

It is further claimed that, as the judgment was procured by fraud practiced by plaintiff's attorney upon the court, the provisions of section 473 of the Code of Civil Procedure, above quoted, do not apply. This point was expressly decided against respondents' claim in the case of *Wharton* v. *Harlan*, 68 Cal. 422. In that case the court, in discussing this question, uses the following language: "The notice of motion was filed and served more than six months after the judgment was entered. As an application under section 473 of the Code of Civil Procedure it was too late. The application for summary relief by motion must, by the terms of that section, be made within the six months. The application must be made within six months, even though the mistake, inadvertence, surprise, or excusable neglect has been caused or brought about by fraud practiced by the party in whose favor the judgment or proceeding was taken. After that period the question

of ' mistake,' etc. (whatever the remedy in equity), cannot be tried by affidavit."

It therefore follows that the order appealed from should be reversed, as the court was without jurisdiction to make it.

So ordered.

DE HAVEN, J., and McFARLAND, J., concurred.