[Civ. No. 374.    First Appellate District.—October 11, 1907.]

REBECCA MANN, Respondent, v. HARRY MANN, Appellant.

DIVORCE—JUDGMENT OF NONSUIT—MAINTENANCE—COUNSEL FEES—PRIOR ORAL RESERVATION NOT EXPRESSED—LOSS OF JURISDICTION TO AMEND.—In an action of divorce, notwithstanding, when a nonsuit was granted, an oral reservation was made of the right of plaintiff to move in future for maintenance and counsel fees, yet where the judgment for nonsuit was finally entered without expressing therein such reservation, the court lost jurisdiction subsequently to amend the same, so as to express such reservation therein *nunc pro tunc.*

ID.—JUDICIAL ERROR, HOW CORRECTED.—Any judicial error committed in rendering the judgment cannot be corrected by amendment, but can only be remedied by appeal or motion for a new trial.

ID.—POWER TO AMEND UNDER CODE INAPPLICABLE.—The power conferred upon the court by section 473 of the Code of Civil Procedure to amend a judgment entered through mistake, inadvertence surprise or excusable neglect, is not applicable, where the facts show that there is no element of mistake, inadvertence, surprise, or excusable neglect in the case.

APPEAL from an order amending a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

George H. Bahrs, for Appellant.

Berry & Brady, for Respondent.

KERRIGAN, J.—June 15, 1906, plaintiff commenced an action for divorce. At that time there were two children of

the parties—a girl, Celia, of the age of thirteen years, and a boy, Allen, of the age of eleven years. When the complaint was filed a restraining order was issued, directed to the Phoenix Insurance Company of London. This company had issued a policy of insurance for $1,500, covering property of the plaintiff and defendant, which property had been destroyed by fire April 13, 1906. This cause was tried August 20, 1906, and after the plaintiff had introduced her testimony the court granted defendant's motion for a nonsuit. This order was entered upon the minutes on August 20, 1906, and on the same day entered on the register of actions in the office of the county clerk. The court stated at the time the motion for a nonsuit was granted that the restraining order, under which the money due on the insurance policy was being held, would not be released, as the court had previously agreed to make provision for the payment of plaintiff's counsel fee out of said money, and that it would, at a later date, entertain a motion to make provision for the support of plaintiff and her minor daughter. September 14, 1906, the attorneys for the respective parties hereto met in the chambers of the trial judge, and the attorney for the defendant requested the judge to sign a formal judgment of nonsuit, and to vacate the restraining order. The request was granted without objection from the attorney for the plaintiff and upon representation by Mr. Jacob Samuels, defendant's attorney, that Samuels would collect the money due on said insurance policy, and have the same in court September 28, 1906, which was the day set for the hearing of the motion to make provision for the maintenance of the plaintiff and the said minor daughter. Defendant was not present at the meeting on September 14, 1906, and it does not appear that he ever authorized his attorney to enter into any agreement whereby he should be bound to pay any money. Subsequently, and without the knowledge of his attorney, the defendant obtained a certified copy of the order releasing the insurance money, collected the same, and refused to make it subject to the order of the court. September 28, 1906, the court made an order, directing the defendant to pay forthwith to plaintiff the sum of $150 for the maintenance of herself and the said minor daughter, the sum of $75 for plaintiff's counsel fees, and a further sum of $150 per month commencing October 28, 1906, for the further maintenance and

support of said plaintiff and said minor daughter. Subsequently the court, upon motion, under section 473, Code of Civil Procedure, amended the judgment of September 14, 1906, by incorporating therein the provisions of the order of September 28th. The appeal is taken from this order.

The part of section 473, Code of Civil Procedure, relied upon by respondent reads as follows: ''The Court may . . . upon such terms as may be just, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order or proceeding was taken.''

Under the terms of section 136 of the Civil Code the court could have denied the divorce and provided support for the wife and minor children of the defendant or any of them. When the motion for nonsuit was granted on August 20th, doubtless the judge had this section in mind, and supposed he was proceeding thereunder. Whatever may have been the effect of this action of the court, it was disregarded by all concerned, and in the formal judgment of nonsuit, which was made and entered September 14th, there is no mention of the subject of maintenance.

We think the court had no jurisdiction to make the order of April 22, 1907, amending the judgment. (See *Egan* v. *Egan,* 90 Cal. 15, [27 Pac. 22] ; *Dyerville Mfg. Co.* v. *Heller,* 102 Cal. 615, [36 Pac. 928] ; *First National Bank* v. *Dusty,* 110 Cal. 69, [42 Pac. 476] ; *O'Brien* v. *O'Brien,* 124 Cal. 422, [57 Pac. 225].) This last-mentioned case was an action for divorce, in which the trial judge filed with the clerk, July 8, 1895, a paper entitled ''Memorandum of decision,'' which set forth, among other things, that the plaintiff was entitled to a divorce, and that the question of alimony and counsel fees was reserved for further consideration. On the same day a minute order was entered as follows: ''This case having been heretofore submitted for consideration and decision and taken under advisement, and now the court being fully informed and having fully considered the same, it is hereby ordered that the marriage heretofore and now existing between the defendant and plaintiff be and the same is hereby dissolved, and a decree of divorce granted to plaintiff on the ground of extreme cruelty of the defendant toward

the plaintiff. It is further ordered that the question of counsel fees and alimony be reserved for future consideration and decision. See memorandum of decision on file herein.'' July 25, 1895, formal findings of fact and conclusions of law were signed and filed, upon which judgment was entered. In these findings no mention was made of counsel fees or alimony. February 18, 1897, the court made an order amending the decree of July 25, 1895, *nunc pro tunc*, by inserting at the end thereof the following: ''It is ordered that the question of alimony and counsel fees be reserved for further consideration. . . .'' An appeal was taken from this order, and the supreme court said: ''We think from the evidence upon which the order here in question was made it clearly appears that the decree entered July 25th as signed by the judge, was his last direction to the Clerk, and was the decision in the case. . . . If error was committed in rendering the judgment, it was a judicial error, which could be remedied only by appeal or motion for a new trial.''

In the case of *Dyerville Mfg. Co.* v. *Heller,* 102 Cal. 615, [36 Pac. 928], the judgment was entered upon the stipulation of the parties. Nearly eight months afterward upon motion the judgment was modified, on the ground that the decree was in excess of the stipulation and the prayer of the complaint, and had been inadvertently entered. While the supreme court in that case held that the trial court under section 473, Code of Civil Procedure, had no jurisdiction to make the order, nevertheless it took pains to say: ''When the judgment is entered as rendered, but rendered in excess of the stipulation, as is claimed to be the case here, such judgment is erroneous, and the error one of law committed at the trial, the remedy for which is either by motion for a new trial or by appeal.''

*Egan* v. *Egan,* 90 Cal. 15, [27 Pac. 22], was a divorce case, in which the parties, pending the submission of the matter to the court for decision, entered into a stipulation adjusting their property rights, but the court refused to incorporate its terms into the decree. After the decision in the case had been rendered a motion was made for an amendment of the judgment under section 473, Code of Civil Procedure, which motion was granted. The supreme court, in reversing this order, held that the judgment was not taken against the defendant through any mistake, inadvertence, surprise or ex-

cusable neglect, but that the subject matter of the stipulation was intentionally excluded from the judgment by the court itself at the time it rendered the judgment.

The facts in the case at bar above narrated do not disclose this to be a case in which a judgment has been taken against a party through mistake, inadvertence, surprise or excusable neglect. There is no element of mistake, inadvertence, surprise or excusable neglect in the case.

It follows that the order appealed from should be reversed, and it is so ordered.

Cooper, P. J., and Hall, J., concurred.