[Civ. No. 4244.  Second Appellate District, Division One.—November 15, 1924.]

## FEDERICO CHAVEZ et al., Appellants, v. THOMAS J. SCULLY et al., Respondents.

[1] JUDGMENTS—PARTITION—DESCRIPTION OF ALLOTTED PARCELS—RELIEF UNDER SECTION 473, CODE OF CIVIL PROCEDURE.—In a partition suit, where the trial judge, by a written opinion, directed how the ranch in dispute should be divided, and outlined a general description of the parcel of land which was to be set apart to each of the several parties to the action, the fact that counsel for the parties, in attempting to draw a judgment which would follow the judge's conclusions as to how the ranch should be divided (findings of fact having been waived by stipulation), relied upon courses and distances as shown by a certain map prepared by a surveyor appointed by the court, and that by reason thereof one of the parties to the action did not receive as much land as he supposed he was getting, in no way affected the integrity of the decree signed by the judge which, so far as the evidence showed, did not depart from the conclusions announced by the judge in his written opinion; and no cause for complaint existed on the part of any of the several parties to the action arising out of or "through his mistake, inadvertence, surprise, or excusable neglect."

[2] ID. — MOTION FOR RELIEF — EFFECT OF DENIAL OF — FINDINGS. — Where the motion seeking relief from such partition decree was based on mistake, inadvertence, surprise, and excusable neglect of the alleged aggrieved party, rather than upon any fraud practiced on the court, the effect of the denial of the motion was a finding of fact that there was no such mistake, inadvertence, surprise, or excusable neglect on the part of such aggrieved party, and, in addition thereto, that he received all the land to which he was entitled by virtue of the judgment rendered in said action.

[3] ID. — STIPULATED JUDGMENT — FAILURE TO FOLLOW STIPULATION—REMEDIES.—A judgment rendered in pursuance of a stipulation, which judgment in fact fails to follow the stipulation, cannot be corrected under the provisions of section 473 of the Code of Civil Procedure as to a material departure from the stipulation, and the only relief afforded an injured party is through the procedure of a motion for a new trial or by an appeal from the judgment.

[4] ID.—ERROR IN DESCRIPTION—CHARACTER OF—REMEDIES.—In such partition action, assuming that the tract awarded to one of the appellants, as well as those several tracts awarded to some of the

1. See 15 R. C. L. 643; 14 Cal. Jur. 878.

respondents respectively, included land in each thereof which was outside the boundaries of the property to be partitioned, in the absence of any showing that any such tract was not in accordance with the specifications therefor, as indicated by the judge's opinion, the error, if any, arose through the judge's misdirection, and not through any mistake, inadvertence, surprise, or excusable neglect of either of the appellants, and could not be corrected under the provisions of section 473 of the Code of Civil Procedure, but relief therefor could be afforded only through a new trial of the action.

(1) 34 C. J., p. 298, sec. 516. (2) 34 C. J., p. 387, sec. 596. (3) 34 C. J., p. 320, sec. 540. (4) 34 C. J., p. 320, sec. 540.

APPEAL from an order of the Superior Court of Riverside County denying motion for relief from judgment. William H. Ellis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry M. Irwin for Appellants.

Lyman Evans, A. H. Winder, A. W. Rutan and Sarau & Thompson for Respondents.

HOUSER, J.—After a decision by this court a petition for rehearing was granted herein. On further consideration of the questions involved in the appeal, we are convinced that the original conclusions, as indicated in the opinion of the court, are correct; said opinion being as follows:

"This is an appeal by plaintiffs Federico Chavez and Adolfo Botiller from an order after judgment made by the superior court in and for the county of Riverside, denying the motion of said plaintiffs to relieve them and each of them from the judgment and decree theretofore entered in said action, and to set aside and vacate said judgment and decree.

"The original action was one for the partition of a ranch consisting of over 1800 acres of land, of which 1059 acres were in rolling hills, 286 acres in mesa land, 79 acres in good bottom land and 388 acres in sandy river bottom. Referees were appointed by the court for the purpose of making an equitable division of the property among the several parties to the action, and such referees subsequently

filed their report fixing the values of the respective classes
of land embraced within the ranch, and recommending a
certain allotment to each of the litigants.   Upon objections
being filed to the report of the referees by certain parties
to the action, after due hearing the court set aside the said
report and appointed new referees in the matter.   Shortly
thereafter, by stipulation of the parties to the action, the
said new order of reference was vacated and the judge of
the court was authorized to make the partition among the
parties in accordance with the valuations of the several
classes of land comprising the ranch as determined by the
original referees.   Thereafter, through the medium of an
opinion which the judge caused to be filed in the case, and
in which opinion was outlined a general description of the
parcel of land which was to be set apart to each of the several
litigants, the court announced its decision on the question
of partition; and thereupon the judge appointed a surveyor
who was directed to prepare a map which would show the
distances and the lines of each allotment.   The judge was
about to retire from his official position and on the day be-
fore his resignation was to become effective all the attorneys
and all the parties to the action met with the judge for the
purpose of agreeing upon a form of decree to be signed in
the matter.   Findings of fact were waived by stipulation.
The description of each parcel of land was dictated to a
typist by the attorney representing the litigant to whom
that particular parcel had been awarded—the lines and the
distances thereof being taken from the map as previously
prepared by the surveyor.   In view of the fact that the
decree had been thus hurriedly drawn, it was suggested
that two of the attorneys, who included one of the attorneys
representing appellant Chavez, and the surveyor, on the
following day re-check the several descriptions contained
in the decree.   It appears that the decree as originally
drawn contained several inaccuracies which were corrected
on the subsequent meeting of the two attorneys and the sur-
veyor, and the decree as thus corrected was then presented
by the two attorneys to the judge, who thereupon signed
the same, 'believing it was the decree which had been stipu-
lated by all the parties.'

"On the map as prepared by the surveyor under the
direction of the judge, the parcel which was proposed to

be awarded to appellant Chavez was shown to have a frontage of 810.5 feet on a certain road. By the decree as originally drawn when all the attorneys were present, the description of that parcel coincided with the figures of 810.5 feet as shown on the map. In the decree, however, which was signed by the judge, the frontage on the road of that property was reduced to 731.5 feet. In the opinion of the court by which the tract awarded to appellant Chavez was directed to be segregated from the remainder of the ranch, the following language was used: ' . . . The westerly boundary line of Tract H (the tract awarded to appellant Chavez) should be moved westerly (from the lines as fixed by the report of the original referees) a sufficient distance to include an area having a valuation of $647.46, keeping in mind that the value found by the court of good mesa land on Tract A–15 was found to be $160 per acre, and of the good bottom land on Tract A–16 of a value of $250, and that the river bottom land on A–14 was found to have a value of $10 per acre. In adjusting the westerly boundary line of Tract H, the 25-foot road designated by the referees to the west of the westerly line of Tract H should also be moved the same distance westerly as the westerly boundary line of Tract H.'

"The change affecting the tract awarded to appellant Chavez was not discovered by him until fifteen days after the decree had been signed, at which time he made his motion under the provisions of section 473 of the Code of Civil Procedure that he be relieved from the judgment on the specified ground of his 'mistake, inadvertence, surprise and excusable neglect.' The other appellant, Botiller, joined in the motion, the basis of his complaint therein, as well as the additional complaint by appellant Chavez, being that the several descriptions of the properties attempted to be set aside to each of said appellants, as well as to the other parties to the action, were inaccurate and insufficient.

"The evidence on the hearing of the motion as to how the change in the decree was effected by which the frontage on the road was reduced from 810.5 feet to 731.5 feet was vague in character—a part of which, and to which no objection was made, consisting of a letter written by one of the attorneys in the case to another attorney therein, in which a statement was made to the effect that the surveyor had stated

that the figures 810.5 were a mistake which the surveyor
had made, and that he had directed the stenographer who
typed the original draft of the decree to make the correc-
tion in the decree which was signed by the judge, and that
'it did not occur to him (the surveyor) to notify any of
us at the time as it was simply to make the figures to comply
with the actual lines as he made them under the court's
order, giving to each the acreage value as directed by Judge
Craig.' There was also testimony tending to show that the
figures *on the map* were corrected by the surveyor on the
day when all the attorneys were present, but that the change
*in the decree* from 810.5 feet to 731.5 feet was not made
until on the following day, when the courses and distances
were rechecked by one of the attorneys representing appel-
lant Chavez, an attorney representing one of the other
parties to the litigation, and the surveyor. Additional
evidence, both oral and documentary, the latter of which
being principally in the form of affidavits, was presented
to the court on the hearing of the motion, which, as before
indicated, resulted in its denial by the court.

"The basis of the appeal by Chavez is that the decree
was a 'stipulated judgment,' and not having been signed in
accordance with his understanding of what he was to be
awarded thereby, his motion to be relieved therefrom should
have been granted by the court. The affidavit of appellant
Chavez and that of one of his attorneys, is to the effect that
at the time all the attorneys and the several litigants met
with the judge who signed the decree, both appellant Chavez
and his said attorney personally examined the surveyor's
map and noted thereon the figures 810.5 feet fronting on the
road to which reference has heretofore been made, and that
at that time they calculated the acreage which said appel-
lant would receive according to such frontage and found
that it would be approximately 24½ acres; and that it was
with such understanding of the quantity of land which
Chavez would receive under such decree that they entered
into the undertaking with the other interested parties of
drawing a decree for the judge to sign; that under the pro-
visions of the decree as actually signed by the judge the
acreage allotted to Chavez amounts only to approximately

22 acres, and that by reason of the said change appellant Chavez has lost 2½ acres of land.

[1] "It should be remembered that the judge had indicated by his opinion previously filed just how the ranch was to be partitioned; that he had authorized a surveyor to prepare a map showing courses and distances in accordance with the directions contained in the opinion, which presumably the surveyor had done; and that immediately preceding the drawing of the decree, all of the parties, with their respective attorneys, had met with the judge and, after some discussion, agreed to waive findings. If the decree was the result of a 'stipulated judgment,' the record is faulty in not disclosing that such was the case. So far as appears from the record, the only stipulation entered into was that findings of fact were waived. In preparing the decree, the surveyor's map was used as the basis for the allotments to the several litigants. There was no agreement either among the parties to the action, or among the attorneys who were present, that any change whatsoever should be made as to any parcel to be awarded to any litigant as indicated by the judge's opinion. Apparently it was taken for granted that the map as prepared by the surveyor correctly delineated each individual tract to be awarded to the several parties to the action strictly in accordance with the directions contained in the opinion of the judge of the trial court. As to Tract H (that being the tract in which Chavez was personally interested), the direction was general only, but to the effect that certain lines 'should be moved westerly (from the lines as fixed by the report of the original referees) a sufficient distance to include an area having a valuation of $647.46.' The attorneys representing the several parties to the action, after agreeing that findings of fact should be waived, were merely attempting to draw a judgment which would follow the judge's conclusions as to how the ranch should be divided. That in so doing, they relied upon courses and distances as shown by a certain map prepared by a surveyor, and by reason thereof that one of the parties to the action did not receive as much land as he supposed he was getting, in no way affects the integrity of the decree as signed by the judge. The decree was wholly the act of the court; and unless the judge was imposed upon when he signed the decree, no cause for complaint exists on

the part of any of the several parties to the action arising out of or 'through his mistake, inadvertence, surprise, or excusable neglect.' The attention of this court has not been directed to any evidence which would justify the conclusion that the decree as signed by the judge of the trial court departs in any degree, so far as either of the appellants is concerned, from the conclusions announced by the judge in his written opinion as to the tract which should be awarded to either of said appellants. To the contrary, if there may be considered by this court the letter written by one of the attorneys herein to another of the attorneys in the action, and which letter, on the hearing of the motion, was received in evidence without objection, the decree as signed was in actual compliance with the court's directions. Nothing in the evidence received by the trial court on the hearing of the motion for relief from the judgment in any way militates against said conclusion, other than a statement contained in an affidavit which was used on the motion, to the effect that a certain number of acres of each of the different classes of land comprised the allotment to appellant Chavez, as shown by the decree which was signed by the judge—from which it is argued that because the value of such land as determined under the schedule of values thereof elsewhere fixed by the court on the recommendation of the original referees, does not amount to as great a sum as Chavez was entitled to receive—a fraud must have been practiced upon the court. In this connection, it should be noted that the person who made the affidavit failed to state the method by which he classified the land awarded to Chavez, and that nowhere does it appear that his classification of the land agreed with the classification thereof made by the original referees. The conclusion, however, for which appellants contend, would not necessarily follow for the reason that, although under the decree possibly Chavez may not have received his full proportion of the value of the ranch, his failure to do so may have arisen from a miscalculation by the judge which was announced in his opinion and correctly followed by the surveyor. [2] But, in any event, the motion for relief from the judgment, as therein specifically stated, was based upon 'mistake, inadvertence, surprise and excusable neglect' of Chavez, rather than upon any fraud practiced on the court; and the effect of the denial of the

motion in controversy by the judge who ruled thereon is a finding of fact that there was no such mistake, inadvertence, surprise or excusable neglect on the part of Chavez; and, in addition thereto, that he received all the land to which he was entitled by virtue of the judgment rendered in said action.

"Although the record herein contains no stipulation in terms that judgment be entered in accordance with the decree which was signed by the court, there are numerous references both in the briefs and in the transcript on appeal to the 'stipulated judgment.' Appellant Chavez cited authorities in support of the principle that where a party to an action has not fully understood the import of a compromise judgment, to which either he or his attorney representing him in the action has assented, such judgment, on motion of the aggrieved party, will be vacated. On the other hand, respondents have directed attention to certain cases wherein apparently the court reached a conclusion differing from that announced in the authorities cited by appellants. The principal case relied upon by appellants is that of *Kelsey Co.* v. *Spears,* 37 Cal. App. 27 [173 Pac. 606], in which it is held that where on a stipulated judgment, the effect of which was neither understood nor appreciated by the defendants and which was entered in violation of an understanding that it was to be submitted to the defendants for their approval before it became binding upon them—the court did not abuse its discretion in setting the judgment aside. In that case no question arose as to whether or not the proper remedy had been invoked. In the instant case respondents contend that appellants' remedy, if any, is by motion for a new trial, or by an appeal, rather than by a motion for relief from the judgment under section 473 of the Code of Civil Procedure; and in support thereof the first case to which attention is directed is that of *Egan* v. *Egan,* 90 Cal. 15 [27 Pac. 22], where the trial court had failed and refused to include in a stipulated judgment as to property rights of the parties to the action a provision to the effect that the plaintiff should pay to the defendant the sum of $1,000 in satisfaction of all claims by the defendant to the plaintiff's property. With reference to the propriety of a motion made pursuant to section 473 of the Code of Civil Procedure to amend the decree by inserting therein the mat-

ter omitted therefrom by the trial court, the Supreme Court said: 'If it should be admitted that the court ought to have included the provision of this stipulation in its decree, its failure to do so was an error resulting either from a misconception of the law applicable to the facts before it, or from a failure to give sufficient consideration to those facts. In either case it was an error of law committed at the trial, which the defendant should have sought to remedy through her motion for a new trial.'

"In the case of *Dyerville Mfg. Co.* v. *Heller,* 102 Cal. 615 [36 Pac. 928], the judgment had likewise been rendered under a stipulation of the parties to the action, but the court had awarded relief in excess of the stipulation. On motion of the plaintiff under section 473 of the Code of Civil Procedure on the ground of excusable neglect and fraud practiced upon the court by plaintiff's former counsel, the trial court modified the judgment. In reversing the order of the trial court, although it appeared that the motion in the trial court had not been made within the statutory period allowed for such proceedings, the Supreme Court took pains to say in effect that the error could not be reached under section 473 of the Code of Civil Procedure—the language of the court being as follows: 'But where the judgment is entered as rendered, but rendered in excess of the stipulation, as is claimed to be the case here, such judgment is erroneous, and the error one of law committed at the trial, the remedy for which is either by motion for a new trial or by appeal.'

"The case of *Mann* v. *Mann,* 6 Cal. App. 610 [92 Pac. 740], is similar to the case last cited in that a judgment was rendered in excess of the provisions of a stipulation between the parties to the action. Therein the appellate court reached the conclusion that the proper remedy was by motion for new trial, or by an appeal from the judgment. And see, generally, *First National Bank* v. *Dusy,* 110 Cal. 69 [42 Pac. 476]; *Glougie* v. *Glougie,* 174 Cal. 130 [162 Pac. 118]; *O'Brien* v. *O'Brien,* 124 Cal. 422 [57 Pac. 225]; *Estate of Potter,* 141 Cal. 424 [75 Pac. 850]; *Canadian & American M. & T. Co.* v. *Clarita L. & I. Co.,* 140 Cal. 672 [74 Pac. 301].

[3] "The consensus of judicial opinion in this state would therefore appear to be that a judgment rendered in pursuance of a stipulation, which judgment in fact fails to

follow the stipulation, cannot be corrected under the provisions of section 473 of the Code of Civil Procedure as to a material departure from the stipulation, but that the only relief afforded an injured party is through the procedure of a motion for a new trial or by an appeal from the judgment.

"It is contended by both the appellants that a computation of the courses and distances of the tract awarded to Chavez demonstrates that the closing point of the description thereof is more than 160 feet distant from the point of beginning of the said description. The other objections to the several descriptions of properties awarded by the decree to the respective litigants are of a similar nature, other than that as to some of the tracts, it is urged that they embrace land not a part of the property to be partitioned.

[4] "Assuming that the tract awarded to one of the appellants, as well as those several tracts awarded to some of the respondents respectively, included land in each thereof which was outside the boundaries of the property to be partitioned; in the absence of any showing that any such tract was not in accordance with the specifications therefor, as indicated by the judge's opinion, to which reference heretofore has been had, the error, if any, arose through the *judge's* misdirection, and not through any 'mistake, inadvertence, surprise, or excusable neglect' of either of the appellants; and under the authorities heretofore cited herein could not be corrected under the provisions of section 473, Code of Civil Procedure; but relief therefor could be afforded only through a new trial of the action."

The order from which the appeal is taken is affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 12, 1925.

All the Justices concurred.