[Civ. No. 8709. Second Appellate District, Division One.—March 15, 1935.]

C. W. VAUGHT et al., Respondents, v. M. S. ROSS, Appellant.

H. Y. Gibson and John L. Bisher for Appellant.

Davis & Thorne and W. H. Brawner for Respondents.

SHINN, J., *pro tem.*—This is an appeal from an order denying a motion to satisfy a judgment.

Plaintiff recovered judgment May 13, 1932, for the possession of personal property consisting of a caterpillar tractor and a bulldozer and damages for its detention, the judgment providing that if possession was not delivered within five days after notice of entry of judgment plaintiff should recover the value of the property in the amount of $4,050.

Defendant had notice of entry of judgment, gave notice of intention to move for a new trial, dismissed that proceeding and took an appeal from the judgment, which judgment, by order of dismissal of the appeal therefrom by the District Court of Appeal, has become final. Twenty-nine days after receiving notice of entry of judgment defendant offered to return the property and to pay the damages and costs, which offer was refused. On August 3, 1932, on notice, defendant presented a motion for an order satisfying the judgment, which was denied, and defendant took the present appeal. The motion was based upon the alleged offer to return the property and to pay the damages and costs.

The argument advanced for reversal of the order consists principally of criticism of the form of the judgment, which, it is said, should have awarded plaintiff possession or a money judgment in case recovery of the property could not be had; wherefore, it is argued that he was entitled to a reasonable time in which to return the property and, hence, his offer was timely. If the point is well taken, the court committed error, but that question was not involved on the motion and is not involved here.

At the expiration of five days after notice of entry of judgment plaintiff held a judgment for $4,050, the value of the property. Defendant sought to satisfy this judgment by offering to return the property, but the offer came too late. The parties were bound by the judgment and so was the court. The effect of an order satisfying the judgment would have been to vacate the judgment in so far as it awarded plaintiff money in lieu of the specific property and to compel plaintiff to accept the property instead. The result would have been an unauthorized modification of the judgment, for the power of the court to review or set aside its judgments, in whole or in part, is limited by statute. A motion to satisfy the judgment is not one of the modes provided for that purpose. (*Egan* v. *Egan,* 90 Cal. 15 [27 Pac. 22]; *Dyerville Mfg. Co.* v. *Heller,* 102 Cal. 615 [36 Pac. 928]; 14 Cal. Jur. 999.) The fact that an appeal from the judgment was pending does not alter the case. The appeal and stay bond given thereunder did not, of course, prevent the conversion of the judgment from one for possession of property into one for money, through the expiration of the five-day period specified therein. This provision was self-executing. The order appealed from was therefore correct, for as long as the judgment for money was in force, satisfaction could only be accomplished by strict compliance with its terms, regardless of error therein.

Other reasons are urged for affirmance of the order which it is unnecessary to discuss.

The order is affirmed.

Houser, Acting P. J., and York, J., concurred.