[Sac. No. 153.  Department Two—May 24, 1897.]

# J. D. McDOUGALD, Respondent, v. ARGONAUT LAND AND DEVELOPMENT CO. et al., Respondents, and JOHN BOGGS, Appellant.

|117  87|
|s132 156|

Principal and Surety—Action by Surety to Compel Payment by Principal Debtors—Guaranty of Rent in Lease—Findings and Judgment not Warranted by Complaint.—Where a complaint by one alleging himself to be a surety for a corporation and its trustees defendants, at whose request plaintiff had guaranteed the payment of rent under a lease executed by the lessor defendant to a person not a party to the suit, does not aver that the lessor defendant wrongfully claims that he is liable under the guaranty, nor ask for a judgment that he is not liable thereunder, but avers his liability under the guaranty, and that the defendants at whose request he executed it had agreed to indemnify him against loss on account thereof, and seeks a judgment establishing the liability of the other defendants to the lessor as principal debtors, and that he is their surety, and compelling them to pay and discharge the principal obligation, to his relief as surety, findings to the effect that there never was any tenancy under the lease nor any rent due from the tenant named therein to the lessor, and that plaintiff never became liable under the guaranty, or as surety for any of the defendants, are not justified by the complaint, and cannot support a judgment exonerating the plaintiff from all liability to the lessor, and awarding costs as against him.

Id.—Consideration for Guaranty—Exchange of Lands—Pleading.—Where the complaint avers that plaintiff became surety for the other defendants, to enable them to perform a contract for the exchange of lands with the lessor defendant; that nothing was paid to plaintiff for guaranteeing the payment of the rent of the land acquired by the lessor, but that the lessor would not have effected the exchange, nor paid a required difference in the purchase price, but for the guaranty that rent should be paid under a lease of the land to be acquired by him for a term of years, to a tenant to be named by the corporation defendant, the complaint sufficiently shows a consideration for the guaranty, to establish a liability thereunder to the lessor.

Id.—Substitution of Tenant — Unauthorized Findings — Pleading— Nominal Tenancy— Possession of Corporation — Entry under Lease—Liability of Guarantor.—Where the complaint shows that a lease was made to a person named by the corporation defendant, and that plaintiff guaranteed payment of rent under the terms of the lease, and there is no evidence to show that the lessee named therein did not enter under the lease, nor that the lessor consented to any occupation by the corporation defendant, nor that he released the tenant named in the lease, or accepted any other tenant, a finding that the lessee did not enter as a tenant of the lessor is not sustained either by the pleading or by the proof, and an averment that the lessee was only nominally a tenant, and that the real tenant was the corporation defendant, does not establish that the corporation was substituted a tenant, but such

averment is meaningless, as respects the liability of the guarantor to the lessor for payment of rent by the lessee, and if the corporation furnished the name of a tenant with the expectation of continuing in possession with his consent, the guarantor could not complain, but the possession of the corporation in such case would conclusively prove that the tenant entered under the lease.

Pleading—Amendment of Complaint to Conform to Proofs—Failure to Answer—Admission.—Where a complaint is allowed to be amended after the trial, to conform the pleading to the proof, such amendment must rest upon the proof, and cannot go beyond it, and the failure to make answer to such amendment does not constitute an admission of facts alleged in such amendment.

Id.—Judgment—Relief to Defendant—Absence of Counterclaim or Cross - complaint. — Admission of Liability in Complaint. — Where a defendant puts in no pleading by way of counterclaim or cross-complaint, seeking affirmative relief against the plaintiff, he can recover no judgment awarding such relief, nor can such judgment be sustained merely by an admission in the complaint of the liability of the plaintiff to the defendant as a guarantor.

Appeal from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Ansel Smith, Judge.

The judgment appealed from exonerated the plaintiff from all liability for payment of rent by reason of any guaranty or suretyship upon the lease between John Boggs and William D. McLaren, and awarded costs in favor of plaintiff against the defendant John Boggs.

Further facts are stated in the opinion of the court.

*Jas. A. Louttit*, for Appellant.

*J. G. Swinnerton*, and *Baldwin & Thompson*, for plaintiff and Respondent.

*Dudley & Buck*, for Respondents Argonaut Land and Development Co., and Wm. F. Foss.

*George D. Dudley*, for Respondents Hulet and Spect.

Temple, J.—This action is *sui generis*. The complaint as it was originally drawn, and as it was at the trial, and until the close thereof, among other things averred in substance that the corporate defendant, the Argonaut

Land and Development Company, on the first day of May, 1890, owned a certain tract of land which it was endeavoring to sell for one hundred and forty thousand dollars, and that certain of the defendants were the directors of the corporation, and were authorized to make such sale, and as such directors and agents, for the purpose of making the sale, were empowered to enter into any and all contracts, agreements, and guarantees, etc., necessary.

Pursuant to such authority they contracted with defendant Boggs to exchange said land for a tract of twelve thousand acres owned by said Boggs and forty-four thousand dollars in gold coin. Further, Boggs agreed to the purchase on condition that the corporation would furnish a tenant for the land he was acquiring by said trade, acceptable to said Boggs, who would rent said land for five years at an annual rental of twelve thousand dollars, and would obtain the guaranty by suitable persons of performance on the part of such tenant.

It is averred that the defendant corporation accepted the terms and entered into the contract, and did in fact convey the tract of land to Boggs and procured one McLaren to enter into such lease; that Boggs received the conveyance and paid the said sum of forty-four thousand dollars to the corporation, and conveyed to it the said tract of twelve thousand acres of land in Colusa county. Said Boggs also, as part of the same transaction, leased the tract acquired by him from the corporation to said McLaren, and the plaintiff, at the request of the corporation, and of the defendants other than Boggs, agents of the corporation, and to enable them to effect the sale or exchange of their said lands, in writing guaranteed to Boggs the payment of the rent reserved in the lease. Hulet, who was president of the corporation, subsequently signed the guaranty.

Plaintiff avers that he received no consideration for the guaranty from the corporation, but entered into the same solely at the request of the corporate defendant.

Also, that but for such guaranty Boggs would not have made the said exchange of land, and this fact was well known to the corporate defendant.

It is further alleged that on the said twentieth day of May, 1890, defendants Fairbrother, Spect, Wilhoit, and Foss in writing promised plaintiff to indemnify and save plaintiff harmless from all risk, damage, liability, cost, and expense that he might incur or sustain by reason of or growing out of his said guaranty.

It is then charged that McLaren failed to pay the rent which accrued during the first and second years of the term, but that a stated portion of such rent had been paid by the corporate defendant.

It is then averred that Boggs is insisting that plaintiff and Hulet shall pay such rent, and is threatening to bring suit against them therefor, and refuses to sue "any of the other parties hereto."

It is charged that the corporation, in violation of its agreement, has failed and refused to hold plaintiff harmless upon his contract of guaranty, and now wrongfully claims and asserts that it is in nowise liable to plaintiff or to Boggs. The other individual defendants who contracted in writing to hold plaintiff harmless upon the guaranty have also made similar default, and all of said defendants are now endeavoring to burden plaintiff with all of such obligations and to compel him to pay the rent out of his own resources. He asks for a judgment determining how much is due Boggs on the lease, and decreeing that plaintiff is surety for the other defendants, who are bound to pay the rent due said Boggs upon the lease. He asks that such defendants be required to pay all sums found due Boggs, and that plaintiff be exonerated. Also, to adjudge that plaintiff is a surety and entitled to be reimbursed for any sums he may be required to pay upon such guaranty.

To this complaint Boggs filed an answer in which he made no effectual denials of any matters stated, but

simply asserted that McLaren was a necessary party to the suit, and asked that he be brought in.

The other defendants answered the complaint, denying their liability to plaintiff or to Boggs. No cross-complaint was interposed by any of the defendants, and it does not appear that the answers of the other defendants were served upon Boggs; and, as it was not necessary that they should be so served, we must presume that they were not.

After the evidence was all in, at the close of the trial, the plaintiff was allowed to amend his complaint for the purpose of making it conform to the proofs. The amendment was made, and consisted in adding an averment to the effect that McLaren was only nominally the tenant of Boggs; that the Argonaut Land and Development Company was the real tenant, and after the execution of the lease the said Argonaut Land and Development Company, with the consent of McLaren and of Boggs, entered upon the land and sublet portions thereof to McLaren and others, and received certain rents from such subtenants, which were paid to Boggs.

The court found the facts with reference to the sale or exchange of lands about as averred; and that McLaren was not furnished by the corporation as a tenant; that McLaren never took possession as the tenant of Boggs, and never paid any rent; and that, prior to the commencement of this action, plaintiff requested Boggs to bring suit against McLaren as principal, and the other defendants as cosureties and coguarantors of McDougald, and that Boggs refused to bring the suit.

As conclusions of law it is found: that McLaren was never the tenant of Boggs; that neither McDougald, or anyone else, ever guaranteed the performance of McLaren under any lease; that no rent is due to Boggs from anyone, and neither plaintiff nor any of the defendants became or were sureties for Boggs, and that plaintiff is not surety for any of the defendants.

Plaintiff's costs were assessed against Boggs. The appeal is by Boggs from the judgment and from an

order denying a new trial.   In the motion for a new
trial the findings of fact are attacked as not sustained
by the evidence.

Whatever may be said as to the other defendants, it
is perfectly certain that the findings I have epitomized
are not justified by anything in the pleadings as to
Boggs.   The complaint not only admits the lease and
liability of plaintiff as guarantor for the tenant, but the
fact of the lease and the liability of plaintiff is the
foundation of his cause of action.   He does not aver
that Boggs wrongfully claims that he is liable, and de-
mands an adjudication to the effect that he is not liable,
but he avers the liability, and that he assumed it at the
request and in the interest of the other defendants, who
agreed to indemnify him against loss on account thereof.
The suit was brought to establish the liability of the
other defendants, and to have it adjudged that as be-
tween himself and them they are principals and he a
surety only.   If Boggs was satisfied with the responsi-
bility of plaintiff, I see no reason why he should con-
cern himself about this controversy.   The only allega-
tions in the complaint which he was called upon to
deny were the statements as to the sums which had
already been paid him on account of rents, and if those
statements were correct he was not called upon to deny
them.   Upon the pleadings it was not competent for
the court to find the above facts against the averments
and admissions of the complaint.   There were no issues
to be tried between Boggs and the other defendants,
and in fact none as between Boggs and the plaintiff,
unless it was as to whether McLaren was a necessary
party to the action, for, according to the copy of the
transcript before me, there was no denial of the allega-
tions in regard to the partial payment of rent.

Respondents contend that there are certain admis-
sions resulting from a failure of Boggs to deny the alle-
gations of the complaint which justify the judgment
appealed from.   Although I think it obvious that the
complaint tendered no issue to Boggs, and contained no

averments which would justify any judgment against him, except that he had received certain sums as rent, I will notice these contentions separately.

The claim is that Boggs admitted by failing to deny:

1. That plaintiff signed as surety without consideration. The complaint avers that plaintiff became surety for the other defendants to enable them to perform their contract with Boggs; that nothing was paid to him for guaranteeing the payment of the rent, but he executed the guaranty solely at the request of the corporation to enable it to effect the sale. The complaint also shows that Boggs would not have made the purchase but for this guaranty.

Instead of an averment that the contract of guaranty was without consideration, the complaint several times, and by full statement of facts, avers a consideration for the contract of guaranty sufficient and ample.

2. That the corporation was substituted as tenant instead of McLaren. This proposition is sustained neither by allegation, finding, nor proof. The contention is also made that McLaren did not enter as tenant of Boggs, and there is a finding to this effect. This finding is contrary to the allegations in the complaint, is not in response to any issue tendered by the complaint, and not sustained by any evidence whatever. There is no evidence which tends to show that Boggs consented to the possession of the Argonaut Land and Development Company, or to any special use of the property other than as stipulated in the lease. The complaint, even as amended, shows that McLaren did enter into possession under the lease. That he was a tenant is essential to plaintiff's cause of action, and necessitated by the theory of the complaint. As to Boggs, the averment that McLaren was only nominally tenant, but that the real tenant was the corporation, is meaningless. Plaintiff avers that the corporation was to furnish a tenant, and that it did furnish McLaren, whose performance plaintiff guaranteed. If the corporation did this with the expectation of continuing in

possession, and McLaren assented to this, plaintiff cannot complain. This would conclusively prove that the tenant entered under the lease. If Boggs knew of the expectation, it would not matter. An individual was furnished who undertook as tenant, and plaintiff guaranteed his performance. If such arrangement did exist, it is not averred, proven, or found that plaintiff was ignorant of it. There is no evidence tending to show that Boggs released McLaren, or accepted another tenant.

3. It is contended that plaintiff asked Boggs to sue the other defendants, and since he did not this releases plaintiff. Upon this subject the allegation is, in effect, that Boggs neglects and refuses to sue any of the other parties hereto, although plaintiff has demanded that he do so. McLaren was not a party to the suit. The finding is to the effect that Boggs was asked to sue McLaren as principal and the other defendants save Boggs as cosureties and coguarantors of plaintiff. The only evidence upon the subject to be found in the record is that plaintiff asked Boggs to sue the corporation, and that he did not do so.

In the finding the other defendants are called cosureties and coguarantors of plaintiff. If so, I do not know why Boggs should sue, or why his failure to do so would constitute a defense. In the complaint nothing is said which would give Boggs an action at law against any of them. It is said that some of them had agreed to indemnify plaintiff on his guaranty. He has never paid anything on account of his guaranty, and if he did pay that certainly would not authorize Boggs to sue. The corporation, according to the allegations of the complaint, had fully performed its contract with Boggs; furnishing plaintiff as guarantor on the lease was part performance of the contract. Having furnished this security, which was acceptable to Boggs, it was no further liable to Boggs on account of the contract to furnish a tenant—with satisfactory security—if it be conceded that it did contract to do so.

Respondents also contend that, inasmuch as the appellant did not answer the complaint as amended after the trial for the purpose of making it conform to the proof, all its allegations are admitted by him, and neither proof nor findings are required, and it is contended further that the amended complaint shows that Boggs accepted the corporation as tenant instead of McLaren. I think no such fact as this is alleged in the complaint; but if such allegation were put into the complaint by the amendment, failure to reply would not constitute an admission. Amendments made to the complaint after trial, and for the purpose of making it conform to the proof, must rest upon such proof and cannot go beyond it. They are not made for the purpose of framing issues for the trial, but to supply some technical defect, or, perhaps, upon the supposition that certain issues have been tried which are different from those framed by the pleadings. The supposition is that they have been tried as though such issue had been made. I do not find in the record any evidence upon the subject, and, as no such issue was tried, the allegation, if it can be so construed, is an idle one.

Appellant contends that he is entitled to judgment upon the pleadings against plaintiff for the amount due him upon the lease. He is in that respect, however, in the same position as the plaintiff is in respect to the judgment rendered. He had no pleadings which would sustain any such judgment. He has no cross-complaint. He quotes on this point decisions which hold that sometimes defects in the complaint may be supplied by allegations in the answer, and claims the benefit of the allegations showing the liability of the plaintiff which are contained in the complaint. But before the defective allegations can be helped by the allegations of an answer there must be some sort of a pleading, defective or otherwise. Boggs put in no pleading showing the amount due him and demanded no judgment. He tendered no issue upon the subject to plaintiff.

The judgment is reversed and the cause is remanded.

MCFARLAND, J., and HENSHAW, J., concurred.

Hearing in Bank denied.