[S. F. No. 7495. In Bank.—December 23, 1916.]

A. V. GLOUGIE, Appellant, v. C. A. GLOUGIE et al., Respondents.

JUDGMENT — VACATION OF INTERLOCUTORY DECREE — JUDICIAL ERROR—
MANNER OF CORRECTION.—An assumed judicial error in setting aside the interlocutory decree in an action for an accounting, based upon the court's own concept that the defendants were entitled, as of strict legal right, to answer the amended complaint filed therein at the close of the trial, is not correctible under section 473 of the Code of Civil Procedure, but is to be remedied by motion for new trial or by appeal from the judgment, and as to a certain limited kind of error by motion under section 663 of the Code of Civil Procedure.

ID.—MOTION TO SET ASIDE INTERLOCUTORY DECREE—LACHES.—In an ac tion for an accounting and to establish that the defendants held the property and business of plaintiff in trust for him, where the defendants, after the entry of the interlocutory decree in favor of the plaintiff, participated in the sessions of the commissioner who took the accounting, and sought a determination therein favorable to themselves, and made no attempt to set aside the interlocutory decree under section 473 of the Code of Civil Procedure until nine months after its entry, they were guilty of such laches as to prevent the granting of relief, as under such section application for relief must be made in all cases within six months, and in every case within a reasonable time.

ID.—AMENDMENT OF COMPLAINT—CONFORMITY TO PROOF—CAUSE OF AC-
TION NOT CHANGED.—Where at the close of the trial of such an action the court concluded that the evidence established that the defendants had taken over the business and property of the plaintiff in trust, but not, as averred in the complaint, under an alleged oral agreement to buy the property and business after they had

taken it over, but under a trust rather in the nature of security for advancements of sums of money made to the plaintiff to help him out of financial troubles, there was no error in permitting the plaintiff to file an amended complaint to conform to the proofs, as the cause of action was not thereby changed; the fundamental equitable consideration being whether there was a breach of trust by virtue of which defendants were inequitably retaining possession of property rightfully belonging to plaintiff.

ID.—PLEADING—AMENDMENTS TO COMPLAINT—ANSWER NOT REQUIRED.— Where an amended complaint or amendments to a complaint are filed to conform to the proofs, no answer thereto is necessary, as the issues tendered by the complaint are taken as denied without pleading, having been already tried by the court.

APPEAL from an order of the Superior Court of Fresno County setting aside an interlocutory decree for an accounting and the final decree entered thereon. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

C. K. Bonestell, for Appellant.

M. B. & E. M. Harris, Short & Sutherland, and Carl E. Lindsay, for Respondents.

HENSHAW, J.—This is an appeal from an order of the court setting aside an interlocutory decree for an accounting which it had made in the action and the final decree entered after that accounting, which final decree was a judgment in favor of the plaintiff.

The relevancy of the following facts will be the better understood by carrying in mind the nature of this appeal. Plaintiff brought his action against his two brothers and their wives, alleging that he was the owner of and conducting a general merchandise business in the town of Sanger. Becoming financially involved, his brothers came to his rescue, and compromised and paid his financial obligations with the money of the wife of one of them. In the matter of these adjustments they took over the charge and conduct of the business, and were in such control when they orally agreed with plaintiff to buy his business for a specific sum upon named terms and times of payment. This agreement was oral, but was accompanied by a further promise to have it

duly executed in writing. This the defendants have refused
to do, and they refuse also to restore the business to plaintiff.
He therefore prayed for a judgment decreeing that they held
the business in trust and for an accounting. The answers of
defendants were limited to denials of the vital matters of the
complaint. Trial was had. At the conclusion of the taking
of the evidence, the judge, expressing the view that the evi-
dence established to his satisfaction that the defendants had
taken over the property in trust, but under a trust rather in
the nature of security for their advancements than under the
asserted executory sale, authorized the filing of an amended
complaint to conform to the proofs. This amended com-
plaint, as the court's order shows, was first submitted to it,
and its filing was permitted under the court's declaration
that "this is a proper case in which to allow an amendment
to the complaint upon the ground asked for by plaintiff, and
that the proposed amended complaint will have the effect
of causing the allegations thereof to correspond to the proof
on the trial." The amended complaint adopted the view
which the court had taken of the proof established by the evi-
dence, and alleged that the business was turned over to the
defendants as security for the repayment of such amounts of
money as they might be called upon to expend upon behalf of
the plaintiff. The defendants interposed a general demurrer
to the complaint, together with a motion to strike it from
the files upon the ground that it charged upon a new cause
of action. Upon July 22, 1913, the court overruled this de-
murrer without leave to answer, and denied the motion to
strike out the amended complaint. Six days thereafter the
court filed its findings and interlocutory decree, declaring
the plaintiff entitled to an accounting and appointing a
referee for the purpose. The referee held sessions, at which
all parties were present, took evidence, and filed his report
upon January 7, 1914. Following this report, on February
9, 1914, the court filed its written decision in favor of the
plaintiff, and gave him final judgment for the sum of $18,786.
One month thereafter the defendants served and filed their
notice of intention to move for a new trial, and on April 13,
1914, they also perfected an appeal from the final judgment.
In the same month, on April 24, 1914, defendants, for the
first time, gave notice of their intention to apply to the court
for an order vacating and setting aside the interlocutory de-

cree and the final judgment under section 473 of the Code of Civil Procedure. The grounds of "mistake, inadvertence, surprise and excusable neglect" are the following: (1) the court was without jurisdiction to render the interlocutory decree and the final judgment because the court in overruling the general demurrer to the amended complaint "did not fix any time within which said defendants would be required to answer said amended complaint"; (2) no notice of the overruling of the demurrer was ever at any time "served" upon the defendants or their attorneys; (3) therefore the defendants were not and never have been in default for failure to answer the amended complaint; and (4), the action not being at issue, by reason of the fact that no answer to the amended complaint was on file, the findings, the interlocutory decree, and the judgment are void. This application came on to be heard on May 2, 1914, and was granted by order of court setting aside both the interlocutory decree and the final judgment on August 5, 1914. In the January following, this court on motion of plaintiff dismissed the defendants' appeal from the final judgment for want of prosecution, and at about the same time the trial court dismissed defendants' motion for a new trial, no bill of exceptions or statement having been prepared and settled within the time allowed by law. In January, also, the plaintiff applied to the trial court for an order vacating its order of August 5, 1914, setting aside the interlocutory decree and final judgment, upon the ground that at the time the order of August 5th was made, an appeal was pending from the final judgment, and the trial court was therefore without jurisdiction to make that order. This motion was granted, and thereafter, on March 3, 1915, the trial court permitted the defendants to renew their application and motion previously made, as above stated, for relief under section 473 of the Code of Civil Procedure, asking a vacation of the interlocutory decree and final judgment. It did so upon the ground that as its previous order vacating these decrees had been made while an appeal was pending in this court, it was absolutely without jurisdiction to make the order, which order was therefore a nullity, and the whole matter consequently stood as if no order had ever been made upon the application; that the effect of the appeal was to suspend and not destroy the jurisdiction of the court, which jurisdiction revived upon the com-

ing down of the *remittitur* from this court dismissing the appeal. Thereupon the court again made its order vacating and setting aside the interlocutory decree and final judgment, and it is from this last order that this appeal is taken.

Manifestly what the court did in granting this motion for relief was based upon its own concept that defendants were entitled, as of strict legal right, to answer the amended complaint, and that the court committed legal error in refusing to accord them that right. But aside from the proposition advanced by this appellant, and well founded in principle and on authority, that a judicial error such as this is not correctible under section 473 of the Code of Civil Procedure, but is to be remedied by motion for new trial or by appeal from the judgment, and as to a certain limited kind of error by motion under section 663 of the Code of Civil Procedure (*Egan* v. *Egan,* 90 Cal. 15, [27 Pac. 22] ; *O'Brien* v. *O'Brien,* 124 Cal. 422, [57 Pac. 225] ; *Canadian & American etc. Trust Co.* v. *Clarita Land etc. Co.,* 140 Cal. 672, [74 Pac. 301] ) ; and aside also from consideration of the further proposition that in view of the uncontradicted facts above stated, it is extremely difficult to perceive how the discretion of the court could be invoked upon any theory of mistake, inadvertence, surprise, or excusable neglect, two fundamental propositions may be considered, both of which sustain appellant's contention that this order must be reversed.

The first of these is the tardiness of the application for relief. It was in July, 1913, that the court entered its interlocutory decree in favor of plaintiff. Without regard to the right of defendants to receive notice of this, it is manifest that they explicitly waived whatever right they had by appearing at all of the hearings of the commissioner, at which hearings evidence was taken. The commissioner filed his report upon January 7, 1914. The final judgment was given on February 9, 1914. It was not until April 24, 1914, that the defendants gave notice of their intention to apply to the court for an order vacating and setting aside both the interlocutory decree and the final judgment. It was nine months after the entry of the interlocutory decree before they made their first effort to set it aside. Not that only, but during the time that elapsed, they participated in the sessions of the commissioner, sought a determination favorable to themselves upon the accounting, and only after they failed and after

final judgment had been given against them did they take this procedure. And yet it was vital to the relief which they sought that the interlocutory decree should be set aside, since the interlocutory decree fixed the final rights of the parties, saving as to the amount of the monetary judgment to be given. Application for relief under section 473 must be timely made. It must in all cases be made within six months, and in every case must be made within a reasonable time. (*Smith* v. *Pelton Water Wheel Co.*, 151 Cal. 394, [90 Pac. 934].) As concerns the motion to vacate the interlocutory decree, it was actually not made until after nine months; while touching the application to vacate the final judgment, aside from the consideration to which we have already adverted, there was the utterly unexplained delay from February 9th to April 24th, a delay which, under the proved circumstances of this case, establishes beyond peradventure the laches of the defendants.

The second proposition is that the court did not err in refusing leave to the defendants to answer the amended complaint. It will not be questioned but that where permission to amend to conform to the proofs is given, this does not authorize the setting up of new, distinct causes of action not originally pleaded. Such is the decision in *Bowman* v. *Wohlke*, 166 Cal. 121, [Ann. Cas. 1915B, 1011, 135 Pac. 37], relied upon by respondents here. But the distinction between that case and others of like kind, and the one at bar, becomes obvious upon the slightest consideration. In the Wohlke case an entirely new and distinct cause of action based upon a tortious act not complained of was embodied in the amendments to the complaint which the court had permitted. In the case at bar there was no inclusion for the first time of any new cause of action. The cause of action in both the original and in the amended complaint was the same. Plaintiff sought relief for the same breach of trust. The difference between the two causes of action consisted merely in this: that with the evidence of all the parties before it the court concluded that a breach of trust had been committed, but that the breach of trust grew out of the fact that the plaintiff had made over his property to the defendants as security for advancements made by them, whereas the original complaint charged that the breach of trust grew out of the fact that after having taken possession of his

property as security for advancements there was a subsequent executory agreement entered into by virtue of which the defendants were to purchase the property. In both cases the fundamental equitable consideration was the same, namely, was there a breach of trust by virtue of which the defendants were inequitably retaining possession of property rightfully belonging to plaintiff? If so, they were bound to account for their trusteeship. So manifest is this that we think nothing more need be added upon the point, saving to say that the amended complaint permitted to be filed in this instance comes most clearly and appositely within the contemplation of the law as discussed in *McDougald* v. *Argonaut Land etc. Co.*, 117 Cal. 87, [48 Pac. 1021], where this court says: "Amendments made to the complaint after trial, and for the purpose of making it conform to the proof, must rest upon such proof and cannot go beyond it. They are not made for the purpose of framing issues for trial, but to supply some technical defect, or, perhaps, upon the supposition that certain issues have been tried which are different from those framed by the pleadings. The supposition is that they have been tried as though such issue had been made." The same case affords authority, if authority be needed, for the familiar proposition that when such an amended complaint or amendments to a complaint are filed, no answer thereto is necessary. The issues tendered by the complaint are taken as denied without pleading, they having already been tried by the court.

The order appealed from is therefore reversed.

Melvin, J., Lorigan, J., Sloss, J., and Angellotti, C. J., concurred.

Rehearing denied.