[Civ. No. 6724. Second Appellate District, Division One.—November 30, 1931.]

JAMES K. McKELVY, Respondent, v. A. L. MARTIN, Appellant.

William Ellis Lady for Appellant.

Loraine Swope and Robert F. Shippee for Respondent.

YORK, J.—This is an appeal by defendant Martin from a judgment of $10,000 in favor of plaintiff.

The court found that the plaintiff and the defendant Martin entered into a written agreement with defendant Engelhart, who was the agent of the owner of an insurance agency, for the purchase of said agency for the sum of $30,000; that the price which the owner of the business was willing to take was the sum of $20,000, and that the said owner did in fact receive said sum of $20,000. The court further found that defendant Martin, in order to cheat, wrong and defraud the said plaintiff, made arrangements

with defendant Engelhart whereby the latter was to represent to plaintiff that the actual price of the insurance business was $30,000, and to divide the difference between the represented price and the actual price, to wit: $10,000 —$7,500 to defendant Martin and $2,500 to defendant Engelhart. As a conclusion of law from the foregoing facts, the court found that the plaintiff was damaged in the sum of $10,000, and judgment was entered for that amount against the defendant Martin. Before the introduction of any evidence, the cause was dismissed as to defendant Engelhart.

No evidence was introduced on behalf of defendant Martin, and the plaintiff was allowed by the court to file a (second) amended complaint to conform to proof, to which defendant Martin made a motion to strike and interposed a demurrer, neither of which was ever finally determined by the court. However, defendant Martin proceeded with his motion for a new trial, and when this matter came on for hearing, counsel for plaintiff urged that the matter be transferred for hearing and determination to Judge Bogue, who presided at the trial of the case, and who was no longer sitting in the superior court. Defendant Martin thereupon filed a petition for reassignment of his motion for a new trial, on the ground that the trial judge was biased and prejudiced of and concerning defendant Martin. Judge McLucas, to whom such petition of reassignment was referred, denied the motion.

Appellant now contends: First, that the court erred in denying his petition that hearing on motion for a new trial be reassigned; second, that the court erred in signing and filing findings of fact and conclusions of law based upon the amended complaint to conform to proof, while there remained undetermined appellant's demurrer to and motion to strike from such amended complaint; third, that the second amended complaint to conform to proof stated a different cause of action from that alleged in the complaint upon which the parties went to trial; and fourth, that the evidence is insufficient to justify the findings and conclusions of law, and that, therefore, the judgment is unsupported by the evidence.

As to the first point, it is sufficient if the matter was properly heard by a judge in accordance with the provisions of the statute, when an affidavit showing bias and prejudice

694

is filed. The stipulation that the statement of the judge need not be verified makes it unnecessary that the statement be sworn to. There is nothing appearing in the record of this cause which shows any abuse of discretion or error in the order made by Judge McLucas.

The second point is not well taken for the reason that the amended complaint was filed to conform to proof. An examination of the record bears out the fact that the complaint did conform to proof, and no case is cited to us by appellant to sustain his contention that he has a right to demur to a complaint filed upon an order of the court for amendment to conform to proof had at the time of trial. Such amendments "are not made for the purpose of framing issues for trial". They "are taken as denied without pleading". (*Glougie* v. *Glougie*, 174 Cal. 126, 132 [162 Pac. 118, 121]; *McDougald* v. *Argonaut Land etc. Co.*, 117 Cal. 87 [48 Pac. 1021].)

The third point is not well taken for the reason that the transaction complained of is the identical transaction set forth in the original complaint.

There is no merit in the fourth contention of appellant for the reason that there is sufficient evidence to support each finding made by the trial court; the findings of fact are sufficient to justify the conclusions of law drawn by the trial court therefrom, and the findings of fact are sufficient to support the judgment.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.